## Marsh v. Stroud Ford, Inc.

*Edwin Krawitz,* for plaintiff.
*James T. Kitson,* for defendant.
*George T. Robinson,* for additional defendant.

332

WILLIAMS, P. J., June 3, 1970.—Plaintiff, Irene Marsh, filed a complaint against defendant, Stroud Ford, Inc., an automobile dealer, alleging a breach of an implied warranty in the sale of an automobile. The complaint was filed September 5, 1969. On November 5, 1969, counsel for plaintiff and defendant stipulated that the time for defendant to join an additional defendant or defendants be extended to December 5, 1969. On the same day, this stipulation was approved by the court. Within the time specified in the stipulation, Ford Motor Company was joined as an additional defendant.

The additional defendant has filed preliminary objections, as follows:

"1. Motion to Strike Off Joinder of Ford Motor Company as Additional Defendant," and stated the following reasons:

"a. Contrary to Pa. R. C. P. 2253, said Complaint was filed on November 25, 1969 which was more than sixty (60) days after the service of the Plaintiff's Complaint against Stroud Ford, Inc. which was served September 8, 1969.

"b. The time within which the Complaint to join Ford Motor Company as Additional Defendant could be filed was extended to December 5, 1969 without cause being shown as required by Pa. R. C. P. 2253."

Preliminary objection "2. Motion to Strike Off Service of Complaint of Stroud Ford, Inc., Defendant, against Ford Motor Company, Additional Defendant," was withdrawn in additional defendant's brief and, therefore, need not be considered.

## DISCUSSION

Pa. R. C. P. 2253 provides as follows:

Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days

after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof *unless such filing is allowed by the court upon cause shown.*" (Italics supplied.)

Standing by itself, this rule would offer strong support for sustaining the preliminary objection, since the stipulation of counsel approved by the court stated no cause for the extension of time provided by the stipulation and the additional defendant was not a party thereto. However, there are two other rules, viz.: Pa. R. C. P. 248 and Pa. R. C. P. 2232(c), which must be considered in determining the issue here presented.

Rule 248 provides as follows:

"The time prescribed by any rule of civil procedure for the doing of any act may be extended or shortened by written agreement of the parties or by order of court."

Rule 2232(c) provides as follows:

"(c) At any stage of an action, the court may order the joinder of any additional person who could have joined or who could have been joined in the action and may stay all proceedings until such person has been joined . . ."

The averments in plaintiff's complaint are not dissimilar in character to the facts established at the trial of MacDougall v. Ford Motor Company, 214 Pa. Superior Ct. 384 (1969). The ruling of the appellate court in that case establishes that the additional defendant could have either been made an original defendant or could have been joined as an additional defendant in this case, if timely joined.

Here, if the preliminary objection is sustained and the trial of the case resulted in a verdict against the original defendant, the original defendant could sue the additional defendant in a separate action. On the other hand if the additional defendant is joined, all rights and liabilities between plaintiff on the one

hand and defendant and the additional defendant on the other hand may be resolved in a single action. It appears that the same witnesses and same testimony would be produced at the trial whether or not the additional defendant is joined as a party.

In 4 Anderson Pa. Civ. Pract. §2232.9, it is stated:

"No statement is made by the Rules as to the procedure leading to the order of joinder by the court. Since the object is to achieve a just and speedy administration of justice, the court may make the order on its own motion or upon the petition of any party."

The court will, on its own motion, irrespective of the legality of the procedure here employed to join the additional defendant as a party to this action, exercise the authority granted it by rule 2232(c) and direct that Ford Motor Company be joined as an additional party to this suit.

This action by the court eliminates the necessity of the court ruling specifically on the particular issue here raised, viz.: Whether counsel for plaintiff and counsel for defendant may stipulate, with the consent of the court, that an additional defendant be joined without stating a cause therefor. Since plaintiff could have made the additional defendant an original defendant in the suit without the consent of the additional defendant, and since, further, rule 2253 was adopted for the benefit of plaintiff to assure plaintiff a speedy trial, we see no logical reason why the procedure here employed should not be sustained.

Since there is no appellate decision giving us a guideline to follow, we suggest that it would be well for counsel to set forth specifically in any such stipulation the cause or causes for entering into it and thus satisfy the provisions of rule 2253.

In view of what has been herein stated, we enter the following

## ORDER

And now, June 3, 1970, the court directs, on its own

motion, that Ford Motor Company be joined as an additional defendant in this case; the preliminary objections are dismissed and additional defendant given a period of 20 days in which to file an answer to original defendant's complaint if it so desires.